IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., <br> AIS 0000Z610, <br>     Plaintiff, <br> v. <br> FEDERAL DEFENDERS OF THE <br> MIDDLE DISTRICT OF ALABAMA, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. ACT. NO. 1:22-cv-242-TFM-N <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Joe Nathan James, Jr, an Alabama state inmate, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1) along with a Motion to Proceed without Prepayment of Fees (Doc. 2, filed 6/22/22), supported a certificate of his prison account balance.[1] In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action and has money available to him, the court shall assess and collect an initial partial filing fee.

Plaintiff submitted certified financial information that provides the Court with information necessary to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account prior to the filing of this complaint. This information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six-month period immediately preceding the filing of the present complaint the average monthly deposits to Plaintiff's prison account were $0.00. Additionally, as of June 14, 2022, the average

---

[1] The order of referral to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) (Doc. 3) is **VACATED**.

balance in Plaintiff's prison account was $3.17 and his current balance is $0.17. Thus, Plaintiff presently has insufficient funds in his prison account to pay an initial partial filing fee.

Therefore, in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (b)(2), it is **ORDERED** that:

1. Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **GRANTED**.

2. At present, Plaintiff has insufficient funds in his prison account from which an initial partial filing fee can be assessed at this time. However, if those funds become available, Plaintiff shall make monthly payments of twenty percent (20%) of each preceding month's income and/or funds credited to his account as payments toward the $350.00 filing fee. The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court pursuant to the directives contained in this order.

3. Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. To aid Plaintiff and his custodian in complying with the requirements of this order, the Clerk is **DIRECTED** to furnish a copy of this order to the account clerk at the Holman Correctional Facility.

However, as Plaintiff proceeds *in forma pauperis*, the Court is required to conduct a review under 28 U.S.C. § 1915(e)(2)(B) which states: "(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…(B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.

Although the court is required to liberally construe a pro se litigant's pleadings, the court does not have "license to serve as de facto counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding in forma pauperis at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding in forma pauperis).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"). Thus, the court may "spare the defendant the inconvenience and expense of answering

a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]  In ascertaining whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim.  *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).  The Court assumes the truth of all Plaintiff's allegations for purposes of this determination.  *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

To establish Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1112 (11th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)); *Tokyo Gwinnett, LLC v. Gwinnett Cty.*, 940 F.3d 1254, 1263 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)).  Put in more detail, the Supreme Court states that to invoke federal jurisdiction a plaintiff bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating the plaintiff has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Spokeo*, 578 U.S. at 338, 136 S. Ct. at 1547 (citations omitted).  All three prongs must be met and failure of any of them results in a lack of standing.  In the case at hand, the third prong of redressability fails.

"Redressability simply requires a plaintiff to seek a 'remedy that is likely to redress [the] injury' which is fairly traceable to the challenged conduct."  *Smith v. Comm'r Ala. Dep't of Corrs.*, 2021 U.S. App. LEXIS 31064, *10, 2021 WL 4817748, *4 (11th Cir. Oct. 15, 2021) (quoting *Uzuegbunam v. Preczewski*, --- U.S. ---, 141 S. Ct. 792, 797, 209 L. Ed. 2d 94 (2021)).  In the case

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

at hand, even if Plaintiff were able to demonstrate an injury in fact traceable to the conduct of the Federal Defenders for the Middle District of Alabama (and that is still in doubt), <u>and</u> even if he were successful his claims, there is no remedy that this Defendant can offer.  Plaintiff seeks an injunction or a stay of execution which put simply is not something that the Federal Defenders for the Middle District of Alabama can provide.

Therefore, the Court finds that it is appropriate to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DONE** and **ORDERED** this 29th day of June, 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE